

<FOR COURT USE ONLY>

**CAMPBELL & COOMBS, P.C.**
1811 S. Alma School Rd. Ste. 225
Mesa, AZ 85210
Phone- (480) 839-4828
Fax- (480) 897-1461
e-mail: heciii@haroldcampbell.com
Harold E. Campbell
State Bar No. 005160
Vincent R. Mayr
State Bar No. 013954
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>JAMES KIETH CALVERT and<br>CHERYL DENISE CALVERT<br>  Debtors. | Chapter 13 Proceeding<br><br>Case No. 2:13-bk-07239-MCW<br><br>**STIPULATED ORDER CONFIRMING SECOND AMENDED CHAPTER 13 PLAN** |

The Second Amended Chapter 13 Plan, having been property noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Second Amended Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amount of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earning or Income.</u> Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-2 | $750.00 |
| 3-11 | $974.00 |
| 12-20 | $815.00 |
| 21-60 | $885.00 |

The payments are due on or before the 31st day of each month commencing May, 2013. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal and state** income tax returns for post-petition years 2013-2015 within 15 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) Other Property. ***In the event that other property is submitted, it shall be treated as supplemental payments.*** None.

(B) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall no constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C 586 (e), then the Trustee will pay creditors or allowed claims in the following order:

(1) Administrative expenses:

Attorney Fees. Harold E. Campbell shall be allowed total compensation of $4,000.00 (FOUR THOUSAND DOLLARS AND 00/100). Counsel received $2,719.00 (TWO THOUSAND SEVEN HUNDRED NINETEEN DOLLARS AND 00/100) prior to filing this case and will be paid $1,281.00 (ONE THOUSAND TWO HUNDRED EIGHTY-ONE DOLLARS AND 00/100) by the Chapter 13 Trustee.

The flat fee charged by Debtor's attorney shall always include an answer or response to an adversary proceeding or a motion to dismiss. Additional work on these matters may be billed by the attorney at the rate set forth in the plan. ($600.00 flat fee for Motions to Dismiss and Hourly for adversaries at the rate of $350.00/hour for partners and $175.00-$350.00/hour for associates, with paralegal time billed at

2

$85.00/hour).

(2) <u>Claims Secured by Real Property</u>:
    (a) The Bank of New York Mellon, secured by a first deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $1,841.23 with 0.00% interest. Regular post-petition payments will be made directly by the Debtors to the secured creditor.

    (B) U.S. Bank National Association aka Specialized Loan Servicing, LLC, secured by a second deed of trust in the Debtors' residence, shall be paid the prepetition arrearage of $28,939.12 with 2.62% interest.

(3) <u>Claims Secured by Personal Property</u>:
    (a) Capital One Auto Finance, secured by a lien in a 2007 Chevy Silverado shall be paid $2,757.70 with 5.00% interest. The creditor will receive adequate protection payments of $31.50 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

    (b) Presto Auto Loans, secured by a lien in a 2004 Chevy Avalance shall be paid $3,969.04 with 5.00% interest. The creditor will receive adequate protection payments of $40.12 per month. The balance of the claim shall be classified as an unsecured nonpriority claim.

    (c) Spencer TV & Appliance, secured by a lien in a refrigerator failed to file a secured claim and therefore no payment will be made to Spencer TV & Appliance, per the plan, Section (C)(5). Spencer TV & Appliance is required to release their lien upon Discharge.

(4) <u>Unsecured Priority Claims</u>:
    (a) The Department of the Treasury/Internal Revenue Service has an unsecured priority claim for income taxes for 2009, 2010, 2011 and 2012. Per its proof of claim, this creditor will be paid $5,443.07, the total priority claim of through the plan with no interest.

(5) <u>Surrendered Property:</u> None.

(6) <u>Other Provisions:</u> None.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. 1328.

(D) EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors [~~remains property of the bankruptcy estate~~] upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

*RB*

---

ORDER SIGNED ABOVE

---

Approved as to Form and Content By:

*Russell Brown 1/13/14*
Russell Brown, Trustee

*[signature]*
Vincent R. Mayr
Attorney for Debtors


The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*James Kieth Calvert*
Debtor - James Kieth Calvert

*Cheryl Denise Calvert*
Co-Debtor - Cheryl Denise Calvert

4